NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SUSAN BRUDNAK and<br>SCOTT BRUDNAK,<br>　　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>A.A. MOVING AND STORAGE, INC.,<br>DAVID SKATES, JOHN DOE and ABC<br>CORPORATION,<br>　　　　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **OPINION**<br><br>Civ. No. 14-cv-6964 (WHW)(CLW) |

**Walls, Senior District Judge**

Plaintiffs Susan and Scott Brudnak contend that movers employed by Defendant A.A. Moving and Storage, Inc. ("A.A.") damaged their floors, walls, door frames, furniture and other items during a move from New Jersey to New York. Plaintiffs further allege that A.A. employee David Skates made fraudulent representations about the bill of lading and other documents associated with the move. Defendants now move to dismiss the complaint, arguing that the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, preempts Plaintiffs' statutory and common law claims.

Decided without oral argument under Fed. R. Civ. P. 78, Defendants' motion is granted in part and denied in part. Specifically, Plaintiffs' claims involving damage to items shipped by A.A. are dismissed, and their claims involving damage to their house's fixtures may continue. Plaintiffs are granted leave to amend within 90 days from the date of this opinion.

**BACKGROUND**

1

For the purposes of this opinion, the Court assumes the truth of the following allegations in the complaint. Plaintiffs Susan and Scott Brudnak formerly resided at 290 Alpine Circle in Rivervale, New Jersey. Compl. ¶ 1, ECF No. 1-1. They moved and now reside in Warwick, New York. *Id.* Defendant A.A. is a moving company with offices in Wyckoff, New Jersey. *Id.* ¶ 2. Defendant David Skates was an employee of A.A. *Id.* ¶ 3. Defendants provide moving services to New Jersey residents. *Id.* ¶ 4.

On or about July 9, 2014, Defendants provided Plaintiffs with a written estimate of the cost of moving Plaintiffs' possessions from their old house in New Jersey to their new one in New York. *Id.* ¶ 8. The estimate document included a provision entitled "Customer Declaration," which capped A.A.'s liability for damage to the shipped items at $.60 per pound per article. *Id.* ¶ 9. Mrs. Brudnak did not sign this section of the document, which had a separate signature line. *Id.* ¶¶ 9-10. After representations from Mr. Skates that "it would not be a problem" if she did not sign that section, and that Mr. Skates would purchase additional insurance for the items, Mrs. Brudnak signed the bottom of the estimate document. *Id.* ¶¶ 10-11.

On July 12, 2014, movers employed or assigned by A.A. loaded the Brudnaks' furniture and personal belongings onto two trucks. *Id.* ¶ 12. Despite the Brudnaks' requests that the movers use extra care, and the movers' assurances that the furniture would be individually wrapped and packaged, the items were poorly protected. *Id.* The wrapping often consisted of a blanket loosely tossed around an item. *Id.* Some items were not wrapped or otherwise protected. *Id.*

The Brudnaks' move was delayed until July 25, 2014, and the belongings remained on the trucks for approximately 16 days. *Id.* ¶ 14. One of the trucks arrived at the Brudnaks' new home in New York on July 28, 2014. *Id.* ¶ 15. The crew entered the new home that day and taped

cardboard directly to the hardwood floors with packing tape. *Id.* ¶ 16. This caused damage when the cardboard was removed. *Id.* ¶¶ 16, 19. When the movers began to unload the first truck on July 28th, the Brudnaks noticed that items coming off the truck was damaged. *Id.* ¶¶ 17-18. The same was true of items that came off the second truck the next day. *Id.* The Brudnaks also observed damage to the door frames and walls of the house. *Id.* ¶ 20. The Brudnaks wrote a check to a representative of A.A. for the amount of the original estimate, plus storage fees. *Id.* ¶ 17.

The movers asked the Brudnaks to sign various documents, one of which imposed a $.60 per pound per article liability limitation. *Id.* ¶ 21. Another document stated that the movers transported more items than they actually did. *Id.* The Brudnaks did not sign these additional documents. *Id.* ¶¶ 21-22. Mr. Skates contacted the Brudnaks on July 30, 2014, demanding further payment. *Id.* ¶ 23. The Brudnaks declined, were never given a final invoice, and stopped payment on the check they had previously issued. *Id.* ¶¶ 23-24. On August 4, 2014, the Brudnaks received a letter from Defendants' lawyer, including a bill of lading which the Brudnaks had never signed, demanding payment of an amount nearly three times higher than Defendants' original estimate. *Id.* ¶ 26. Defendants acknowledged that this new bill of lading differed from another bill of lading which they identified as the original, and falsely accused the Brudnaks of stealing the original. *Id.* ¶ 27. The Brudnaks had photographed the estimate document, which is "completely different" from the subsequent bill of lading. *Id.*

Plaintiffs filed this action in New Jersey Superior Court on October 21, 2014, alleging that Defendants were liable for negligence, common law fraud, violations of the New Jersey Consumer Fraud Act, and unjust enrichment. ECF No. 1-1. Defendants removed the action to this Court on November 6, 2014, ECF No. 1, and moved to dismiss on November 19, 2014. ECF

No. 3. They argue that the Carmack Amendment, enacted by Congress to regulate claims for property damaged in the course of interstate shipping, preempts all claims in the complaint. *Id.* The complaint does not plead a violation of the Carmack Amendment.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* at 679.

## DISCUSSION

1. **Plaintiffs' Sole Remedy for Damage to the Shipped Goods is the Carmack Amendment**

Shippers may bring a federal private cause of action under the Carmack Amendment against a carrier for damages to shipped items. 49 U.S.C. § 14706(d); *see also Certain Underwriters at Interest at Lloyds of London v. United Parcel Serv. of Am., Inc.,* 762 F.3d 332, 335 (3d Cir. 2014). Under the Carmack Amendment, an interstate carrier is strictly liable for damages up to "the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) [certain intermediary carriers]." *Id.* § 14706(a)(1). A shipper and

carrier can agree to limit the carrier's liability "to a value established by written or electronic declaration of the shipper or by written agreement between the carrier and shipper if that value would be reasonable under the circumstances" in order for the shipper to obtain a reduced rate. *Id.* § 14706(c)(1)(A).

"Courts of Appeals . . . have consistently held that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract and tort claims alleging loss or damage to property." *Lloyds of London,* 762 F.3d at 336 (citations omitted). The Amendment's "preemptive force is exceedingly broad—broad enough to embrace all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation." *Id.* at 335 (citations omitted). "State laws are preempted regardless of whether they contradict or supplement Carmack relief." *Id.* In particular, "state law breach of contract and negligence claims against a carrier for loss of or damage to goods are preempted." *Lloyds of London*, 762 F.3d at 336.

The complaint alleges common law negligence (First and Second Causes of Action) and unjust enrichment (Sixth Cause of Action). Because of the "preemptive force" of the Carmack Amendment, Plaintiffs may not recover for damages to the property shipped by Defendants under these causes of action.

Plaintiffs also plead common-law fraud (Third, Fourth and Fifth Causes of Action) and violations of the New Jersey Consumer Fraud Act (Seventh and Eighth Causes of Action). At least one court in this district has held that the Carmack Amendment also preempts claims of fraud as to the bill of lading. *Orlick v. J.D. Carton & Son, Inc.*, 144 F. Supp. 2d 337, 345 (D.N.J. 2001) (Greenaway, J.). The court's reasoning in *Orlick* was that "[a]ll of Plaintiffs' causes of action arise from the contractual relationship between common carriers and shippers of goods

that were allegedly lost and/or damaged," and as a result, the plaintiffs' remedies were limited to recovering the value of their goods. *Id.*

Here, Plaintiffs allege that Defendants attempted to limit their liability to $.60 per pound per article, Compl. ¶ 9, that Plaintiffs refused to accept this provision but signed at the bottom of the estimate document, *id.* ¶¶ 10-11, and that Plaintiffs refused to sign another document with a liability-limiting provision. *Id.* ¶ 21. They allege that Defendants "now fraudulently seek to enforce this provision under false pretenses." *Id.* ¶ 48. Disputing the amount owed after the move, Plaintiffs stopped payment on the check to Defendants. ¶ 24.

Under New Jersey law, an essential element of common-law fraud is "resulting damage." *See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (citing *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367–368 (N.J. 1997)). A claim under the New Jersey Consumer Fraud Act likewise requires an "ascertainable loss to the plaintiff." *Frederico,* 507 F.3d at 202 (citing *Cox v. Sears Roebuck & Co.,* 647 A.2d 454, 462–465 (N.J. 1994)). The complaint's fraud claims do not involve harm independent of the Brudnaks' contractual relationship with A.A.—in fact, having withheld payment to A.A., the Brudnaks do not demonstrate *any* damage or ascertainable loss resulting from the alleged fraud. Plaintiffs' assertion that Defendants did not validly limit their liability in the bill of lading goes to the amount of Plaintiffs' damages under the Carmack Amendment; the allegation does not give rise to an independent cause of action for fraud. Plaintiff's Third, Fourth, Fifth, Seventh and Eighth Causes of Action are dismissed.

2. **Plaintiffs Allege Harm Apart from Damage to the Goods Itemized in the Bill of Lading**

The United States Supreme Court has described the Carmack Amendment as "comprehensive enough to embrace all damages resulting from any failure to discharge a

carrier's duty with respect to any part of the transportation to the agreed destination." *Southeastern Express Co. v. Pastime Amusement Co.*, 299 U.S. 28, 29 (1936). The question is whether the Carmack Amendment preempts claims against a carrier for damage that occurs outside the scope of that duty. Several courts have found that it does not. *See, e.g., Orlick*, 144 F. Supp. 2d at 345 (citing *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 506 (1st Cir. 1997) (observing that a claim for intentional infliction of emotional distress is not preempted by the Carmack Amendment because "liability arising from separate harms—apart from the loss or damage of goods—is not preempted."). *Rini* held that "all state laws that impose liability on carriers *based on the loss or damage of shipped goods* are preempted." 104 F.3d at 506 (emphasis in original). It clarified that preempted state law claims "include all liability stemming from damage or loss of goods, liability stemming from the claims process, and liability related to the payment of claims." *Id.* This interpretation accords with the plain text of the statute. *See* 49 U.S.C.A. § 14706(a)(1) ("The liability imposed under this paragraph is for the actual loss or injury *to the property* . . ."); *id.* § 14706(c)(1)(A) ("[T]he liability of the carrier *for such property* is limited to a value established by written or electronic declaration . . .").

Apart from the damage to the shipped goods, the complaint also alleges that A.A. and its agents damaged the Brudnaks' hardwood floors, walls and door frames. Compl. ¶¶ 16, 19-20. At the end of their reply brief, Defendants "agree that Plaintiffs' claims involving alleged damages to the hardwood floors at their home (as opposed to the goods transported by [Defendant A.A.]) do not fall under Carmack." Def.'s Br. 8. Defendants are correct. The Carmack Amendment does not bar claims involving damage to persons or property that arise outside of the carrier's contractual duty to the shipper. Plaintiffs did not contract with Defendants to move their floors,

walls or door frames; Plaintiffs may maintain an action for negligence to recover for the damage to their house.

### 3. Plaintiffs Are Granted Leave to Amend

Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962). There has been no prior dismissal of the complaint, Plaintiffs have not previously amended their pleadings, and Defendants have not demonstrated that it would be prejudicial, futile, or otherwise unfair for Plaintiffs to be given leave to amend. It is consistent with principles of fairness and justice to afford Plaintiffs an opportunity to do so. Plaintiffs may file an amended complaint within 90 days of the date of this opinion.

## CONCLUSION

Defendants' motion to dismiss is granted in part. The Third, Fourth, Fifth, Seventh and Eighth Causes of Action (alleging fraud and consumer fraud) are dismissed; the Sixth (alleging unjust enrichment) is dismissed; the First and Second (alleging negligence) survive in respect to Plaintiffs' claims for damage to the floors, walls and door frames of their house.

Plaintiffs are granted leave to amend within 90 days of the date of this opinion.

IT IS SO ORDERED:

William H. Walls, U.S.D.J.

DATE:   03/24/15

William H. Walls
Senior United States District Court Judge

8