**NOT FOR PUBLICATION**                                                                                       **CLOSE**

|  |  |
|---|---|
| SUSAN BRUDNAK and SCOTT BRUDNAK,<br><br>                      Plaintiffs,<br><br>v.<br><br>A.A. MOVING AND STORAGE, INC., DAVID SKATES, JOHN DOE and ABC CORPORATION,<br><br>                      Defendants. | **MEMORANDUM AND ORDER OF REMAND**<br><br>Civ. No. 14-cv-6964 (WHW)(CLW) |

**Walls, Senior District Judge**

This matter comes before the Court on its Order to Show Cause of July 21, 2015, ECF No. 16. The order instructed the parties to show cause why the case should not be remanded to New Jersey Superior Court, Bergen County, for lack of subject matter jurisdiction. *See* ECF Nos. 17-18.

Defendants removed the action to this Court based on federal question jurisdiction, citing the Carmack Amendment. ECF No. 1 (citing 28 U.S.C. § 1331). Defendants moved to dismiss the complaint's common law causes of action arising from damage to shipped goods, arguing that the Carmack Amendment is the exclusive remedy for such damages. ECF No. 3. The Court granted the motion in part, dismissing the claims related to the shipped goods but allowing the claims of damage to housing fixtures, which are not covered under the Carmack Amendment. *See* Court's Op. on Mot. to Dismiss, ECF No. 12. The Court also granted Plaintiffs leave to amend the complaint within 90 days. *Id.* Plaintiffs did not amend the complaint. Plaintiffs now assert that, in the absence of pending claims arising under federal law, the Court lacks subject

1

matter jurisdiction. ECF No. 15. In response, the Court directed the parties to show cause why the case should not be remanded. ECF No. 16.

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Defendants do not demonstrate that this Court has subject matter jurisdiction over this action. Defendants concede that they do not seek to invoke the Court's diversity jurisdiction. Def.'s Br. 2, ECF No. 17. Instead, they continue to invoke federal question jurisdiction, arising under the Carmack Amendment. *Id.* Defendants offer: "[i]f Plaintiffs will dismiss all claims related to the cargo claims and amend the Complaint to separately allege the property damage to the house, i.e. floors, walls, and door frames, then Defendants will not oppose the remand to state court." Def.'s Br. 2-3, ECF No. 17. In fact, the common law counts relating to the damaged goods are no longer pending—the Court already dismissed them. *See* Court's Op. The only pending causes of action are related to the property damage to the house, claims which arise under common law. *Id.* It follows that federal subject matter jurisdiction is lacking, and the matter is remanded.

## ORDER

IT IS HEREBY ORDERED that this case is remanded to New Jersey Superior Court, Bergen County.

DATE: 14 August 2015

Hon. William H. Walls
Senior United States District Judge